[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 17-15128
Non-Argument Calendar

————————————————

D.C. Docket No. 3:16-cr-00172-HES-PDB-3

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

AUDREY LATRELL JENKINS,

Defendant - Appellant.

————————————————

Appeal from the United States District Court
for the Middle District of Florida

————————————————

(August 17, 2018)

Before TJOFLAT, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

Audrey Jenkins pled guilty to one count of conspiracy to distribute at least 50 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846; the district court sentenced her to 262 months' imprisonment and five years' supervised release. Jenkins appeals her sentence, arguing that it is procedurally and substantively unreasonable.

Ordinarily, we review the reasonableness of a sentence under a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51, 128 S. Ct. 586, 597, 169 L. Ed 2d 445 (2007). A district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors. United States v. Irey, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc). Failure to object to the procedural reasonableness of a sentence at the time of sentencing, however, results in plain error review. United States v. Vandergrift, 754 F.3d 1303, 1307 (11th Cir. 2014). To prevail on plain error review, the defendant must demonstrate (1) that the district court erred; (2) that the error was "plain"; and (3) that the error affected her substantial rights. Id. If the defendant proves those three conditions, then we will decide whether the error seriously affected the fairness, integrity, or public reputation of judicial proceedings. Id.

2

We employ a two-step process in reviewing the reasonableness of a sentence. United States v. Pugh, 515 F.3d 1179, 1190 (11th Cir. 2008). We look first at whether the district court committed any significant procedural error. Specifically, we consider whether the district court properly calculated the Guidelines range, treated the Guidelines as advisory, considered the 18 U.S.C § 3553(a) factors, did not select a sentence based on clearly erroneous facts, and adequately explained the chosen sentence. Gall, 552 U.S. at 51. After determining that there has been no procedural error, we consider whether the sentence is substantively reasonable under the totality of the circumstances. United States v. Tome, 611 F.3d 1371, 1378 (11th Cir. 2010). On substantive reasonableness review, "[w]e may not . . . set aside a sentence merely because we would have decided that another one is more appropriate." Irey, 612 F.3d at 1191. We may vacate the sentence only if we "are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." Id. at 1190 (quoting Pugh, 515 F.3d at 1191).

Pursuant to § 3553(a), a district court must impose a sentence sufficient, but not greater than necessary to comply with certain sentencing factors. 18 U.S.C. § 3553(a). Those factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the

3

seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need to deter criminal conduct; (4) the need to protect the public; (5) the need to provide the defendant with medical care or other correctional treatment; (6) the applicable Guidelines range; (7) the pertinent policy statements of the Sentencing Commission; (8) the need to avoid unwarranted sentencing disparities; and (9) the need to provide restitution to victims. 18 U.S.C. §§ 3553(a)(1), (a)(2)(A)–(D), and (a)(4)–(7). Finally, "[a]lthough we do not automatically presume a sentence within the guidelines range is reasonable, we 'ordinarily . . . expect a sentence within the Guidelines range to be reasonable.'" United States v. Hunt, 526 F.3d 739, 746 (11th Cir. 2008) (quoting United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005)).

Jenkins fails to establish that her 262-month sentence is procedurally or substantively unreasonable. As an initial matter, Jenkins failed to object to the procedural reasonableness of her sentence at the district court level. We therefore review the procedural reasonableness for plain error. See Vandergrift, 754 F.3d at 1307. Jenkins claims that the district court committed plain procedural error by: (1) failing to consider her arguments regarding potential sentencing disparities, the nonviolent nature of the crime and Jenkins's criminal history, and the extensive emotional and physical abuse Jenkins has suffered in her life, and (2) failing to adequately explain its sentencing decision.

4

The district court did not commit a plain procedural error. Before her sentencing hearing, Jenkins filed a sealed version and a public version of a sentencing memorandum, in which she argued for a lenient sentence based on potential sentencing disparities, her nonviolent nature, and her past abuse. The sealed memorandum contained details regarding Jenkins's past emotional and physical abuse that were redacted in the public version. At the beginning of the sentencing hearing, the district court confirmed with Jenkins's counsel that he had reviewed the correct, sealed version of the memorandum and was therefore aware of all of Jenkins's arguments for leniency before the sentencing hearing. The district court also gave Jenkins's counsel time to reiterate Jenkins's arguments at the hearing, even offering to clear the courtroom so that Jenkins's counsel could discuss the sealed details. Finally, before sentencing Jenkins, the district court emphasized that it had "listened to what both sides have to say." Thus, the record supports the conclusion that the district court was aware of and considered all of Jenkins's arguments for leniency prior to imposing her sentence.

To the extent that the district court did not offer a detailed explanation for its sentencing decision, Jenkins fails to establish that the lack of explanation affected her substantial rights. The record indicates that the district court was undoubtedly aware of and considered all of Jenkins's arguments. Jenkins fails to give any reason to believe that the district court would have imposed a more lenient

sentence if it had discussed each of Jenkins's arguments out loud on the record, as opposed to mentally considering them. Jenkins therefore fails to establish that the district court committed plain procedural error.

Regarding substantive reasonableness, Jenkins argues that her unique personal characteristics, including her nonviolent nature and past abuse, require a downward variance from the Guidelines. In determining whether Jenkins's sentence is substantively unreasonable, we start with the proposition that we expect a sentence at the low end of the Guidelines range to be reasonable. See Hunt, 526 F. 3d at 746. Additionally, during the sentencing hearing, the Government pointed to several factors—such as Jenkins's significant criminal history and the extent of the underlying conspiracy in which Jenkins was a participant—to support a severe sentence. In fact, the Government argued for a sentence in the middle of the Guidelines range. The district court rejected that request and sentenced Jenkins at the bottom of the Guidelines range. Given the factors on both sides, the district court did not abuse its discretion by refusing to sentence Jenkins below the Guidelines range.

**AFFIRMED**.